IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GUSTAVO FAJARDO, | ) | No. CV-F-08-624 OWW/SMS P |
| | ) | |
| | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION FOR RECONSIDERATION |
| Plaintiff, | ) | (Doc. 11) |
| | ) | |
| vs. | ) | |
| | ) | |
| P. McGUINNESS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On January 27, 2009, the United States Magistrate recommended that Plaintiff's Complaint be dismissed with leave to amend.

After obtaining an extension of time to respond to the January 27, 2009 Order, Plaintiff timely filed a Request for Reconsideration by District Court of Magistrate Judge's Ruling.

Pursuant to Rule 72-303, Local Rules of Practice, a District Judge upholds a Magistrate Judge's ruling on a referred matter unless it is "clearly erroneous or contrary to law." *See* Rule 72(a), Federal Rules of Civil Procedure; 28 U.S.C. §

1

636(b)(1)(A).  The "clearly erroneous" standard applies to a Magistrate Judge's findings of fact.  *Concrete Pipe & Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 623 (1993).  "A findings is 'clearly erroneous' when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Id.* at 622.  The "contrary to law" standard allows independent, plenary review of purely legal determinations by the Magistrate Judge.  *FDIC v. Fidelity & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D.Cal.2000); *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3rd Cir.1992).  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."  *DeFazio v. Wallis*, 459 F.Supp.2d 159, 163 (E.D.N.Y.2006).

Plaintiff claims that the January 27, 2009 Order is erroneous because an MRI scan of Plaintiff's right knee performed on June 18, 2007 at a different penal institution indicated that "[a] deformity of the lateral tibial plateau is noted," which "may represent an old healed fracture."  *See Ex. B* to Complaint.  In addition, Plaintiff refers to allegations in the Complaint that Defendant Nguyen stated that he had reviewed an x-ray report of a scan of Plaintiff's knee on December 30, 2005 but that Plaintiff does not recall any such x-ray being taken, and that Defendants failed to request an MRI of Plaintiff's knee, thereby misdiagnosing Plaintiff's right knee fracture.  Plaintiff argues that these allegations, among others, suffice to state a claim

2

for violation of the Eighth Amendment based on prison medical treatment.

Plaintiff's Request for Reconsideration is DENIED. Plaintiff has not demonstrated that the Magistrate Judge's Order is contrary to law or clearly erroneous. The exhibits attached to Plaintiff's Complaint show that Defendant Nguyen ordered the x-ray on December 30, 2005 but that it was not taken until February, 2006 and showed an appearance "compatible with an old gunshot wound," that "[n]o radiographic evidence of acute fracture nor dislocation" was seen, and that "[n]o abnormal bone erosion nor destruction" was noted. Consequently, it is arguable that Plaintiff has not alleged the requisite deliberate indifference necessary to state an Eighth Amendment claim. Further, Plaintiff has not been prejudiced by the Order because he has been granted leave to amend to correct the deficiencies of the Complaint.

IT IS SO ORDERED.

**Dated:  April 13, 2009**        /s/ Oliver W. Wanger
UNITED STATES DISTRICT JUDGE